**DIESEL PERFORMANCE, INC., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.**

**No. 00–70351.**

**Tax Ct. No. 0972–2: 5019–98.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Aug. 3, 2001.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before SNEED, WARDLAW and BERZON, Circuit Judges.

MEMORANDUM *

Diesel Performance, Inc. ("Diesel") appeals the Tax Court's decision upholding the Commissioner's deficiency determination against Diesel for the tax year ending June 30, 1994. Diesel also appeals the Tax Court's denial of Diesel's motion for reconsideration. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

1. The Tax Court correctly held that Diesel did not timely waive the carryback period for the tax year ending June 30, 1992. The statute clearly required that the taxpayer "shall" elect to waive the carryback period "by the due date (including extensions of time) for filing the taxpayer's return for the taxable year of the net operating loss." I.R.C. § 172(b)(3) (1986). The regulation reiterated the deadline set by the statute. *See*

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 7.0(b)(1), Temporary Income Tax Regs., 42 Fed.Reg. 1469–1470 (Jan. 7, 1977).

■ 2. The Tax Court correctly held the doctrine of equitable estoppel inapplicable because Diesel did not show that the Commissioner engaged in "affirmative misconduct," as required to invoke the doctrine against the government. *See United States v. Hemmen,* 51 F.3d 883, 892 (9th Cir.1995).

3. The Tax Court correctly held the doctrine of the duty of consistency inapplicable because the Commissioner never took an inconsistent position with respect to his determination of the invalidity of Diesel's attempted waiver of the carryback period. *See Estate of Ashman v. Comm'r,* 231 F.3d 541, 544 (9th Cir.2000).

■ 4. The Tax Court did not abuse its discretion in denying Diesel's motion to reconsider because there is no inconsistency between the Commissioner's determination that Diesel did not validly waive the carryback period (and thus cannot reduce its 1994 gross income) and his determination that Diesel did not timely file a refund claim for the tax year ending 1989 (and thus cannot receive a refund). *See United States v. Dalm,* 494 U.S. 596, 605 n. 5, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) ("[A] claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories").

AFFIRMED.